UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | * | CIVIL ACTION |
| | * | CASE NO.:  13-cv-06817 |
| | * | |
| VERSUS | * | DIVISION "C" |
| | * | JUDGE BERRIGAN |
| | * | |
| VAUGHAN BAR, INC. | * | MAGISTRATE SECTION "2" |
| TONY R. MELERINE AND | * | MAGISTRATE  WILKINSON |
| PAULA C. MELERINE | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER

NOW INTO COURT, through undersigned counsel, come Vaughan Bar, Inc., Tony R. Melerine and Paula C. Melerine, defendants herein, who respond to the Complaint of the plaintiff as follows:

### FIRST DEFENSE

The claims of the plaintiff are prescribed.

### SECOND DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted.

### THIRD DEFENSE

Defendants aver that plaintiff has no cause or no right of action against Tony R. Melerine and Paula C. Melerine, individually.

1

1.

Defendants deny the allegations contained in paragraph 1 of the Complaint for lack of sufficient information upon which to justify a belief therein.

2.

The allegations of paragraph 2 regarding jurisdiction do not require an answer of these defendants, but the conclusory allegations regarding defendants' actions constituting a violation of the cites statutes are denied.

3.

Upon information and belief, defendants admit the facts of paragraph 3.

4.

Upon information and belief, defendants admit the facts of paragraph 4.

5.

Upon information and belief, defendants admit the facts of paragraph 5.

6.

Upon information and belief, defendants admit the facts of paragraph 6.

7.

Upon information and belief, defendants admit the facts of paragraph 7.

8.

Defendants deny the allegations contained in paragraph 8 of the Complaint for lack of sufficient information upon which to justify a belief therein.

9.

Upon information and belief, defendants admit the facts of paragraph 9.

10.

Upon information and belief, defendants admit the facts of paragraph 10.

11.

Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Complaint for lack of sufficient information upon which to justify a belief therein.

13.

Upon information and belief, defendants admit that Barracuda owns and operates a lounge that serves alcoholic beverages. Upon information and belief, Barracuda possesses a license to sell alcoholic beverages as shown by the official records of the Louisiana Department of Revenue, Office of Alcohol and Tobacco Control. Defendants deny that T. Melerine and P. Melerine accomplished any of the physical acts described by plaintiff in the Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Complaint for lack of sufficient information upon which to justify a belief therein.

22.

Defendants deny the allegations contained in paragraph 22 of the Complaint for lack of sufficient information upon which to justify a belief therein.

23.

Defendants deny the allegations contained in paragraph 23 of the Complaint for lack of sufficient information upon which to justify a belief therein.

24.

Defendants deny knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and /or exhibited by commercial entities unauthorized to do so. Defendants deny that they unlawfully intercepted, received, published, divulged, and/or exhibited the Program.

25.

Defendants deny that they willfully intercepted, received, published, exhibited, divulged,

displayed and/or exhibited the Program. Defendants deny any direct and/or indirect commercial advantage and/or private financial gain from the unauthorized interception. Defendants lack knowledge or information sufficient to form a belief about the truth of Joe Hand's eyewitness testimony and other evidence supporting all allegations made in the Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Complaint for lack of sufficient information upon which to justify a belief therein.

27.

Defendants deny that they violated Title 47 U.S.C. Section 605, et seq. And Title 18 U.S.C. Sections 2511 and 2520.

28.

Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.

Defendants deny that Plaintiff is entitled to any statutory damages or costs from Defendants by reason of the actions, omissions and conduct of Defendants.

30.

Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.

Defendants deny that they violated Title 47 U.S.C. Section 553, et seq.

33.

Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.

Defendants deny that Plaintiff is entitled to any statutory damages or costs from Defendants by reason of the actions, omissions and conduct of Defendants.

35.

Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.

Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.

Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.

Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.

Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.

Defendants deny that Plaintiff is entitled to any damages provided by Louisiana law.

41.

Defendants deny the allegations contained in paragraph 41 of the Complaint.

**WHEREFORE** Defendants, Vaughan Bar, Inc., Tony R. Melerine and Paula C. Melerine, pray that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of the defendants, and

against plaintiff, dismissing plaintiff's claims with prejudice, and at plaintiff's costs, and for all general and equitable relief.

        Respectfully submitted,
        Usry, Weeks & Matthews

        BY:   /s/ Freeman R. Matthews
                FREEMAN R. MATTHEWS (LSB# 9050)
                1615 Poydras Street, Suite 1250
                New Orleans, Louisiana  70112
                Telephone:  (504) 592-4600
                Facsimile:  (504) 592-4641
                Email: pmatthews@uwmlaw.com
                ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

     I hereby certify that on this 26th day of February, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all parties of record.

                /s/ Freeman R. Matthews
                FREEMAN R. MATTHEWS